IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                         )<br>            Plaintiff,                     )<br>                                                         )<br>      v.                                              )  Case No. 13-cr-30042-001<br>                                                         )<br> JASON WALKER,                       )<br>                                                         )<br>            Defendant.                 )  | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Jason Walker's Amended Motion for Compassionate Release (d/e 191) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

### I. BACKGROUND

On November 7, 2016, Defendant Jason Walker was sentenced to 72 months' imprisonment and a 4-year term of supervised released for conspiring to distribute heroin and 500 grams or more of a mixture or substance of methamphetamine in violation of 21 U.S.C. 841(b)(1)(A). Defendant served his term of imprisonment, and, on August 3, 2018, he began his term of

supervised release.

On October 11, 2018, a petition for revocation was filed seeking to revoke Defendant's term of supervised release.  Again, on August 16, 2019, a supplemental petition to revoke was filed with two new violations.  On January 9, 2020, Defendant was found in violation of a mandatory condition of his supervised release for criminal trespass to a residence, domestic battery, and aggravated battery.  Defendant was sentenced to 50 months' imprisonment and a 3-year term of supervised release.  Defendant is currently serving his sentence at FCI Oxford and has a projected release date of October 29, 2020.

On June 2, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  See d/e 188.  On June 11, 2020, following the appointment of counsel to represent Defendant, an Amended Motion for Compassionate Release was filed.  See d/e 191.  Defendant seeks compassionate release due to his health issues and the COVID-19 pandemic.  On June 16, 2020, the Government filed a response opposing Defendant's motion.  See d/e 194.  The Government argues that Defendant has not established extraordinary and compelling

reasons to warrant a reduction.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of

> Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

In this case, Defendant has met the 30-day requirement pursuant to 18 U.S.C. § 3582(c)(1)(A) as he submitted a compassionate release request to the warden of FCI Oxford more than 30 days ago.  See Amended Motion, d/e 191, p. 7; Response, d/e 194, p. 9.  The Government recognizes that Defendant met the 30-day requirement and that the warden of FCI Oxford denied Defendant's request.  See Response, d/e 194, p. 9.

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in

his term of imprisonment. The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation. Social distancing can be difficult for individuals living or working in a prison.

Defendant admits that he does not suffer from any health conditions that the CDC recognizes as high risk factors, but Defendant argues that his conditions may create a high risk for him personally. See Amended Motion, d/e 191, p.2. Defendant is a 41-year-old white male who contends that he has scar tissue on his lungs due to chemical burns from his manufacturing of methamphetamine, high blood pressure, high cholesterol, circulation issues, and high liver enzymes. Id. The Government alleges that Defendant has not complained of or been treated for any of these issues while at FCI Oxford. See Response, d/e 194, pp. 13-14.

The COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that may make him more

susceptible to the disease. While the Court is sympathetic to Defendant's health conditions, he has not shown that he would be at a higher risk at FCI Oxford than he would be if released. As of June 22, 2020, there are no confirmed cases of COVID-19 at FCI Oxford. See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed June 22, 2020).

Additionally, the Court must reconsider the factors in § 3553(a). Defendant began his term of supervised release on August 3, 2018. Within two weeks on supervised release, he had tested positive for an illegal substance. See Response, d/e 194. Within three months, a petition to revoke was filed because Defendant committed criminal trespass to a residence. Id. The Court showed leniency and ordered Defendant to participate in inpatient treatment, but Defendant was discharged from the program for violating program rules. Id. Not even a year into his term of supervised release, Defendant was charged with domestic battery in Adams County for grabbing a woman by the hair and dragging her into a residence. Id. The next day, while in the Adams County Jail, Defendant committed aggravated battery by striking another inmate in the head multiple times. Id. Defendant has not participated in

any BOP rehabilitation programming. At this point, Defendant has not had enough time to show he has been rehabilitated. Based on the history and characteristics of Defendant and the nature and circumstances of the offense, the Court finds that reconsideration of the factors in § 3553(a) concludes that Defendant is not entitled to compassionate release.

The Court, taking all the relevant facts into account, finds that Defendant has not established the existence of extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Walker's pro se motion (d/e 188) and amended motion for compassionate release (d/e 191) are DENIED. This ruling does not preclude Defendant from filing another motion for compassionate release in the future if circumstances change. The Clerk is DIRECTED to send a copy of this Opinion to FCI Oxford.

ENTER: June 23, 2020.

*s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
